UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE A. KEELEY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) No. 1:17-CV-03611-SEB-TAB |
| NANCY A. BERRYHILL, | ) |
| DEPUTY COMMISSIONER, | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.   Introduction**

Plaintiff Julie Keeley appeals the Social Security Administration's denial of her application for a period of disability and disability insurance benefits. Keeley alleges that her impairments include fibromyalgia, depression, myalgia, myositis, osteoarthritis, obesity, and exhaustion. Keeley argues that (1) the Administrative Law Judge failed to articulate her application of SSR 16-3p in assessing Keeley's symptoms, and (2) the ALJ failed to properly consider Keeley's treating source opinion regarding disability. As discussed below, the Magistrate Judge agrees that Keeley's first argument is well taken, and that as a result, Keeley's request for remand [Filing No. 11] should be granted.

**II.   Background**

Following the SSA's five-step sequential evaluation process, the ALJ determined that Keeley was not disabled. *See* 20 C.F.R. § 404.1520(a) (the five-step evaluation process). At step one, the ALJ determined that Keeley had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ determined that Keeley is severely impaired with

fibromyalgia, degenerative joint disease of the ankles, Achilles tendinopathy, bursitis of the hips, and obesity.  At step three, the ALJ determined that Keeley is not presumptively disabled because her impairments do not meet or medically equal the severity of the listed impairments in 20 C.F.R. pt. 404, sub. pt. P, app. 1.

Before moving on to step four, the ALJ determined that Keeley had the residual functional capacity to perform less than the full range of light work.  In making this finding, the ALJ considered objective medical evidence.  However, she found that the objective medical evidence did not substantiate Keeley's statements regarding the intensity, persistence, and functionally limiting effects of her pain and other symptoms.  As required by Social Security regulations when this happens, the ALJ also considered other evidence in the record and determined that Keeley had the RFC to perform less than the full range of light work.[1]  At step four, the ALJ relied on Keeley's RFC and a vocational expert's testimony to determine that Keeley would be unable to perform any past relevant work.  However, at step five, the ALJ determined that, despite Keeley's limitations, she can perform jobs available in significant numbers in the national economy.

**III.    Discussion**

In this appeal, Keeley makes two principal arguments.  First, Keeley argues that the ALJ improperly assessed her pain symptoms by failing to articulate her application of SSR 16-3p, which provides a list of factors for evaluating the severity of alleged symptoms.  Specifically, Keeley asserts the ALJ erred by failing to provide an adequate explanation for her determination that the objective medical evidence is inconsistent with Keeley's statements concerning the intensity, persistence, and limiting effects of her symptoms.  The Deputy Commissioner

---

[1] Keeley challenges the adequacy of the ALJ's conclusion.

responds that the ALJ reasonably articulated and supported her assessment of Keeley's symptoms because she considered all the relevant factors set forth in SRR 16-3p. Keeley's second argument is that the ALJ failed to properly consider a treating source opinion. In support of this argument, Keeley asserts that the ALJ failed to explicitly consider each of the six factors to assign weight to a treating physician's opinion. The Deputy Commissioner responds that the ALJ properly weighed the treating source opinion because the ALJ does not need to explicitly address every regulatory factor in assessing an opinion.

In considering these arguments, the Court exercises deference on review and determines whether "substantial evidence" supports the ALJ's decision. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1979)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court does not "reweigh evidence or substitute [its own] judgment for that of the ALJ." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014) (quoting *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013)). However, the Court will remand the ALJ's decision if the reasons given by the ALJ do not "build an accurate and logical bridge" between the evidence and the result. *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017).

### A. The ALJ Failed to Properly Apply SSR 16-3p

Keeley argues that the ALJ failed to build a logical bridge between the evidence and her conclusion that Keeley's subjective statements concerning the intensity, persistence, and limiting effects of her symptoms are inconsistent with medical and other evidence in the record. In making her argument, Keeley asserts that the ALJ "only described in detail each of Keeley's claims under each section, without explaining why she believes these allegations are

inconsistent." [Filing No. 11, at ECF p. 14.] The Deputy Commissioner responds that the ALJ's application of the SSR 16-3p factors sufficiently supports her conclusion.

Recitation of the SSR 16-3p factors, without specific reasons for the findings, does not constitute a proper SSR 16-3p analysis. *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2009). When the claimant's subjective symptoms are inconsistent with objective medical evidence, "an ALJ must consider several factors, including [1] the claimant's daily activities, [2] her level of pain or symptoms, [3] aggravating factors, [4] medication, [5] treatment, and [6] limitations, and justify the findings with specific reasons." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). Without an adequate explanation, "neither the applicant nor subsequent reviewers will have a fair sense of how the applicant's testimony [was] weighed." *Steele*, 290 F.3d at 942.

In a series of paragraphs, the ALJ recites each of the six factors, saying she considered them, but she does not adequately explain how she arrived at her conclusion. For example, the ALJ states that she "considered the factors that precipitate and aggravate the claimant's symptoms," but then she merely restates Keeley's allegations: "She alleged that cold weather and rain aggravated her pain. She said that weight-bearing aggravated her Achilles tendonitis. She testified that humidity and cold weather were the aggravating factors for her pain." [Filing No. 8-3, at ECF p. 22, R. at 95 (citations omitted).] The ALJ provides no analysis that explains how she considered the precipitating and aggravating factors. In fact, none of the ALJ's paragraphs discussing the SSR 16-3p factors has an adequate explanation or analysis for how she arrived at her conclusion. [Filing No. 8-3, at ECF p. 21-24, R. at 94-97.]

Instead, as Keeley asserts, the ALJ provides only one sentence pertaining to her conclusion: "[Keeley's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the evidence . . . for the reasons explained in this

4

decision." [Filing No. 8-3, at ECF p. 24, R. at 97.] However, this vacuous explanation is insufficient. Subjective statements of pain cannot be rejected "solely because the available objective medical evidence does not substantiate [a claimant's] statements." *Williams v. Colvin*, 757 F.3d 610, 615 (7th Cir. 2014); 20 C.F.R. § 404.1529(c)(2). Moreover, the ALJ is not clear about which factors are not supported by the objective evidence. Without an adequate explanation or analysis, the ALJ's decision lacks a logical bridge between the evidence and her conclusion.

The Deputy Commissioner responds by generally citing to a six-page section of the ALJ's decision and noting that, upon review, the Court "will not overturn an ALJ's credibility determination unless it is patently wrong." *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012). The Court "merely examine[s] whether the ALJ's determination was reasoned and supported." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The problem for the Deputy Commissioner is that the ALJ's decision is neither reasoned nor supported. A determination is patently wrong if it "lacks any explanation or support." *Id.* As noted, the ALJ merely recited the factors and Keeley's claims without analysis. The Deputy Commissioner mentions certain facts that the ALJ stated she considered, but the Deputy Commissioner does not point to any specific reason that the ALJ provided for arriving at her conclusion. Without more explanation, the ALJ has not built a logical bridge to traverse. The Court declines to make the leap encouraged by the Deputy Commissioner, so remand is required.

### B. The ALJ Properly Considered Keeley's Treating Source Opinions

Keeley next argues that the ALJ's decision is not supported by substantial evidence because she improperly weighed Dr. Collins' opinion without explicitly considering all the factors listed in 20 C.F.R. § 404.1527(c). The Deputy Commissioner responds that the ALJ only

5

needs to weigh the relevant factors listed in 20 C.F.R. § 404.1527(c). Therefore, the argument goes, even if the ALJ did not explicitly weigh each factor, she properly weighed Dr. Collins' opinion by using the relevant factors.

Medical opinions from acceptable medical sources are either given controlling weight or some other range of weight. 20 C.F.R. § 404.1527. A treating source opinion will be given controlling weight when it is well-supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence of record. *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008); 20 C.F.R. § 404.1527(d). If a treating source opinion is not given controlling weight, the ALJ considers the following factors: (1) the length of treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the medical opinion, (4) the consistency of the medical opinion, (5) the specialization of the treating physician, and (6) other factors presented. 20 C.F.R. § 404.1527(c).

The ALJ does not need to explicitly weigh every factor—only the relevant ones. *See Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013) (affirming the ALJ's denial of benefits even after the ALJ did not explicitly consider each factor); *Henke v. Astrue*, 498 F. App'x 636, 640 n.3 (7th Cir. 2012) (same); *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) (per curiam) (holding that "all relevant evidence" must be considered). In considering each relevant factor, ALJs must "minimally articulate" their reasoning. *Filus v. Astrue*, 694 F.3d 863, 869 (7th Cir. 2012); 20 C.F.R. § 404.1527(c)(2). The Court "upholds all but the most patently erroneous reasons for discounting a treating physician's assessment." *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015) (internal quotation marks and citation omitted).

The ALJ considered the relevant factors and minimally articulated her reasoning. The ALJ analyzed Keeley's treatment history with Dr. Collins and acknowledged that she was a

6

treating physician. Additionally, the ALJ acknowledged that Dr. Collins was not a specialist and that her opinion was inconsistent with and unsupported by other medical evidence, including Dr. Collins' own treatment notes. The ALJ also explained that the opinions of Dr. Racovan and Dr. Steven were inconsistent with Dr. Collins' opinion. Dr. Collins opined that Keeley had extreme limitations—particularly, she could not perform work that required her to lift more than two pounds or to stand for longer than five minutes. But the ALJ pointed out that "nearly all evaluations . . . reflected that the claimant had a normal gait, normal range of motion, and normal strength." [Filing No. 8-3, at ECF p. 25, R. at 98.] Thus, the ALJ met the standard of minimum articulation.

Keeley briefly argues that Dr. Collins' opinion was supported by Pam Wright, a treating rheumatologic nurse practitioner, and that the ALJ erred by assigning her opinion little weight. These arguments are unpersuasive. Nurse practitioners are categorized as non-acceptable medical sources. 20 C.F.R. § 416.913(d)(1).[2] Opinions from non-acceptable medical sources are weighed using the same factors as medical sources, but not every factor will apply because the evaluation of such opinion varies case by case. 20 C.F.R. § 404.1527(f). In assigning Wright's opinion little weight, the ALJ acknowledged that she treated Keeley as a nurse practitioner every two to three months since August 2013 and that she specialized in rheumatology. However, the ALJ found that Wright's opinion was not supported by, and was inconsistent with, the other evidence. For example, Wright opined that Keeley could only lift two pounds and had difficulty using her hands for fine motor movements. However, the ALJ

---

[2] As of March 27, 2017, this regulation no longer lists which sources are not acceptable medical sources. However, when the ALJ issued her decision, the regulation did explicitly include nurse practitioners as non-acceptable medical sources. In any event, though nurse practitioners are not acceptable medical sources, their opinions are weighed using the same six factors as acceptable medical sources. 20 C.F.R. § 404.1527(f).

found that Keeley's activities of daily living "appeared to reflect an ability to lift and carry more than 2 pounds" and "indicated that she had fine finger abilities above Wright's estimate." [Filing No. 8-3, at ECF p. 28, R. at 99.]  Further, the ALJ explained that only a few treatment notes showed Keeley had hand pain or reduced strength, but most of Wright's and other physicians' treatment notes showed normal strength.  The ALJ also found that Wright's limitations on sitting, standing, twisting, and turning only stated that she could not perform them for long periods.  This list of the ALJ's findings is not exhaustive, and the ALJ made other determinations that support her assessment of Wright's opinion.  [Filing No. 8-3, at ECF p. 28-29, R. at 99-100.]  For these reasons, Keeley fails to show that the ALJ improperly weighed Dr. Collins' and Wright's opinions.

## IV.   Conclusion

Accordingly, for the reasons set forth above the Magistrate Judge recommends that Keeley's request for remand be granted.  [Filing No. 11.]  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Absent a showing of good cause, failure to file objections within 14 days after service shall constitute a waiver of subsequent review.

Date: 6/26/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution: All ECF-registered counsel of record by email.